USCA1 Opinion

 

 November 9, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1761 JEROME E. CASSELL, Plaintiff, Appellant, v. BARRY OSBORNE, ETC., ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Paul J. Barbadoro, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Stahl, Circuit Judges. ______________ ____________________ Jerome E. Cassell on Motion for Summary Disposition pro se. _________________ ____________________ ____________________ Per Curiam. We have before us appellant Cassell's __________ "Motion to Compel Enforcement and Compliance," which we construe as requesting relief from briefing requirements, and a summary disposition of the appeal.  Cassell was convicted in a New Hampshire state court of felonious sexual assault. While his criminal conviction was pending on direct appeal, he filed several actions in federal district court under 42 U.S.C. 1983, challenging the validity of the conviction and seeking equitable relief and damages. Three of the suits were the subject of an opinion issued by this court in April, 1994. Cassell v. Osborn, No. 93-1557, etc., Slip op. (1st Cir. Apr. _______ ______ 26, 1994). There we affirmed the district court's dismissal of most of Cassell's claims, but vacated those dismissals which were arguably susceptible of being raised as an estoppel in the state proceedings. The latter claims were remanded for reconsideration as to whether they should be dismissed or stayed pending the conclusion of the state appeal. Id. at 13. The district court decided to stay the ___ claims. Pursuant to the Supreme Court's intervening decision in Heck v. Humphrey, 114 S. Ct. 2364 (1994), the ____ ________ district court later granted a motion by defendants to dismiss the claims. In Heck, the Court resolved a conflict ____ among the circuits by ruling that "a 1983 cause of action -2- for damages attributable to an unconstitutional conviction does not accrue until the conviction . . . has been ______ invalidated." Heck, 114 S. Ct. at 2373 (emphasis added); see ____ ___ also Guzman-Rivera v. Rivera-Cruz, 29 F.3d 3, 5 (1st Cir. ____ _____________ ___________ 1994).  Appellant is mistaken in his belief that a dismissal under Heck violates this court's earlier mandate. ____ This dismissal will not prejudice the resolution of any issue pending before the state's appellate court. It means only that his 1983 suit is premature. As we explained in response to another, similar appeal by Cassell, the dismissal also "does not prevent him from later filing a proper and timely complaint for damages should he first succeed in having his conviction reversed on direct appeal, expunged, or otherwise declared invalid by a tribunal authorized to make such a determination." Cassell v. Ober, No. 94-1796, slip _______ ____ op. at 2 (1st Cir. Oct. 5, 1994) (citing Guzman-Rivera, 29 ______ _____________ F.3d at 5).  Accordingly, we grant appellant's motion insofar as _____ it seeks relief from the briefing schedule, deny his motion ____ for "enforcement," and summarily affirm the judgment below. ______ See Loc. R. 27.1. Cassell's appellate motions labelled ___ "Petition for Habeas Corpus Ad Testificandum," and "Motion to Introduce Evidence," are dismissed without prejudice to _________ consideration of the same contentions and issues raised in -3- his separately docketed appeal, Cassell v. New Hampshire, _______ _____________ (Appeal no. 95-2158). -4-